UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case Number **1:23-CR-35** |
| ) | |
| RYAN STEELE ) | |

### SENTENCING MEMORANDUM

Comes now the defendant, Ryan Steele, by counsel, David L. Joley, and submits his Sentencing Memorandum in support of a sentence to the mandatory minimum of declared in the Presentence Report (PSR). To justify this request, Mr. Steele asks the Court to consider following factors, pursuant to the U .S. Sentencing Guidelines and Title 18 U.S.C. §3553.

**Legal Framework and Considerations**:

While this Court must still correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 49 (2007), it may not treat that range as mandatory or presumptive, *id.* at 51; *Nelson v. United States*, 555 U.S. 350, 352 (2009), but as "one factor among several" to be considered in imposing an appropriate sentence under § 3553(a). *Kimbrough v United States*, 552 U.S. 85, 90 (2007). The Court must "consider all of the § 3553(a) factors," "make an individualized assessment based on the facts presented," *id.* at 49-50, and explain how the facts relate to the purposes of sentencing. *Id*. at 53-60; *Pepper v. United States*, 131 S. Ct. 1229, 1242-43 (2011). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id*. at 101; *Pepper*, 131 S. Ct. at 1242-43.

A key component of Supreme Court law, designed to ensure that the guidelines are truly advisory and constitutional, is the authority of this Court to disagree with a guideline as a matter of policy. Because "the Guidelines are now advisory . . . , as a general matter, courts may vary

–1–

[from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough*, 552 U.S. at 101-102 (citing *Rita v. United States*, 551 U.S. 338, 351 (2007) (district courts may find that the "Guidelines sentence itself fails properly to reflect § 3553(a) considerations"). As the Supreme Court held in *Kimbrough*, because "the cocaine Guidelines, like all other Guidelines, are advisory only," it "would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Kimbrough*, 552 U.S. at 91, 109-10; *see also* *Spears v. United States*, 555 U.S. 261, 267 (2009) ("[D]istrict courts are entitled to vary from the crack cocaine Guidelines in a mine-run case where there are no 'particular circumstances' that would otherwise justify a variance from the Guidelines' sentencing range.").

Congressionally directed guidelines are just as advisory as any other guideline and therefore equally subject to policy-based variances. In *Vazquez v. United States*, 120 S. Ct. 1135 (2010), the Supreme Court remanded for reconsideration in light of then-Solicitor General Kagan's position that "all guidelines," including congressionally-directed guidelines, "are advisory, and the very essence of an advisory guideline is that a sentencing court may, subject to appellate review for reasonableness, disagree with the guideline in imposing sentencing under Section 3553(a)." U.S. Br. at 11, *Vazquez v. United States*, No. 09-5370 (Nov. 2009).

Mr. Steele would ask the Court to consider the above caselaw, and the right and duty of the judiciary to consider the guidelines as advisory, in finding the appropriate sentence in this matter.

**Requested Sentence:**

Given the Nature and Circumstances of Mr. Steele's offense and his history and characteristics, the sentence of one hundred and twenty (120) months is sufficient, but not greater

than necessary, to satisfy the purposes of sentencing in this matter.

## I. **DESIGNATION**

a. Mr. Steele asks the Court to recommend that he serve his term of imprisonment at the Medium Security Facility at FCI Marianna, in Marianna, Florida.

   i. Though this is a facility farther away from his family, it is a facility that specializes in treatment for people with convictions such as Ryan's, so he would ask the Court to designate FCI Marrianna for his placement in the Bureau of Prisons.

## II. **COURTS PROPOSED CONDITIONS OF SUPERVISED RELEASE**

a. The defendant has no objection to the proposed conditions and waives the reading of the proposed conditions in open court during the sentencing hearing.

Wherefore the defendant, by counsel, asks the Court to consider a sentence one hundred and twenty (120) months given the nature and circumstances of Mr. Steele's offense and his history and characteristics.

Dated: April 22nd, 2024

/s/ David L. Joley
David L. Joley   #25648-02
JOLEY LAWFIRM PC
116 E. Berry Street
Suite 500
Fort Wayne, Indiana 46802
Telephone: (260) 426-0242
Fax: (260) 426-3360
attorneydavidjoley@msn.com

CERTIFICATE OF SERVICE

–3–

I hereby certify that on the 22nd day of April, 2024, I electronically filed the foregoing with the Clerk of the Court for the United District Court for the Northern District of Indiana by using the CM/ECF system.

/s/ David L. Joley
David L. Joley