# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　　　　　　**Plaintiff,**<br><br>　vs.<br><br>**RYAN A. STEELE**<br><br>　　　　　　**Defendant.** | **CASE NUMBER: 1:23CR35-001**<br>**USM Number: 57457-510**<br><br>**DAVID L JOLEY**<br>**DEFENDANT'S ATTORNEY** |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pled guilty to Count 1 of the Indictment on January 17, 2024.

**ACCORDINGLY,** the Court has adjudicated that the Defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number |
|---|---|---|
| 18:2423(a): ATTEMPT TO TRANSPORT A MINOR WITH INTENT TO ENGAGE MINOR IN SEXUAL ACTIVITY and FORFEITURE | March 30, 2023 | 1 |

The Defendant is sentenced as provided in pages 2 through 9 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 2 of the Indictment is DISMISSED on Government motion.

Final Order of Forfeiture forthcoming.

IT IS ORDERED that the Defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the Defendant must notify the Court and United States Attorney of any material change in economic circumstances.

| |
|---|
| April 25, 2024 |
| Date of Imposition of Judgment |
| s/ Holly A. Brady |
| Signature of Judge |
| Holly A. Brady, Chief Judge, U. S. District Court |
| Name and Title of Judge |
| April 25, 2024 |
| Date |

Defendant: RYAN A. STEELE  
Case Number: 1:23CR35-001  
Page 2 of 9

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **120 MONTHS.**

The Court makes the following recommendations to the Bureau of Prisons:

1. That the Defendant serve his term of imprisonment at the FCI Marianna, in Marianna, Florida to take advantage of programming offered there.

2. That the Defendant participate in any sex offender programming and any vocational training.

3. That the Defendant be considered for enrollment in any Evidence Based Recidivism Reduction Programs or other programs implemented by the BOP to allow the Defendant to earn early release credits under the First Step Act.

4. That the Defendant participate in residential re-entry programs specific to his needs, as available under the First Step Act.

5. That the Defendant be assessed for participation in the Evidence Based Recidivisim Reduction Program (pursuant to the First Step Act) as well as any recidivism programs developed or to be developed under 34 U.S.C. § 605.

The Defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

Defendant delivered _____ to _____ at _____, with a certified copy of this Judgment.

_____  
UNITED STATES MARSHAL

By: _____  
DEPUTY UNITED STATES MARSHAL

Defendant: RYAN A. STEELE
Case Number: 1:23CR35-001
Page 3 of 9

# SUPERVISED RELEASE

Upon release from imprisonment, the Defendant shall be on supervised release for a term of **5 YEARS.**

# CONDITIONS OF SUPERVISED RELEASE

**While the Defendant is on supervised release pursuant to this Judgment, the Defendant shall comply with the following conditions as required by 18 U.S.C. § 3583(d):**

1. The Defendant shall not commit another Federal, State, or local crime, during the period of supervision.

2. The Defendant shall not unlawfully possess a controlled substance.

3. The Defendant shall refrain from any unlawful use of a controlled substance.

4. The Defendant shall submit to a drug test within 15 days of release on supervision.

5. The Defendant shall submit to at least two periodic tests thereafter for use of a controlled substance.

6. The Defendant shall cooperate in the collection of a DNA sample from the Defendant, if the collection of such a sample is authorized pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000 and 34 U.S.C. § 40702.

7. The Defendant shall register under the Sex Offender Registration and Notification Act and comply with the requirements of that act.

**The Defendant shall comply with the following discretionary conditions as provided by 18 U.S.C. §§ 3563(b)(1)-(23) and 3583(d):**

8. The Defendant shall not knowingly leave the federal judicial district of the Northern District of Indiana, unless granted permission to leave by the Court or a probation officer. A map of the federal judicial district of the Northern District of Indiana and its 32 counties can be found at the website for United States Probation and Pretrial Services (http://www.innp.uscourts.gov/files/inncountymapjpg).

9. The Defendant shall report to the probation officer as reasonably directed by the Court or the probation officer, which includes the requirement that the Defendant report in person to the probation office in the district to which the Defendant is released for supervision within 72 hours of release from the custody of the Bureau of Prisons.

10. The Defendant shall answer inquiries by a probation officer pertaining to the Defendant's supervision and notify the probation officer within 72 hours of any change of residence or change of employer. This condition does not prevent the Defendant from invoking his Fifth Amendment privilege against self-incrimination.

11. The Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a police officer.

3

12. The Defendant shall permit a probation officer to visit him at his home between the hours of 8:00 AM to 8:00 PM. A probation officer can make an oral or written request to the Court to allow for a reasonable alternative time period or place for the visit. The Defendant shall permit confiscation of any contraband observed in plain view by the probation officer.

13. The Defendant shall make reasonable effort to maintain employment at a lawful occupation, unless excused by the probation officer for acceptable reasons (e.g., schooling, training, child care, elder care, disability, age, or serious health condition) or shall pursue a course of study or vocational training that will equip the defendant for employment at a lawful occupation.

14. The Defendant shall perform 20 hours per week of community service, not to exceed 400 hours, if the Defendant is unemployed for a time period exceeding 60 days within the first year of supervised release.

15. The Defendant shall not knowingly possess a firearm, ammunition, destructive device, or any other dangerous weapon.

16. The Defendant shall, if required to register under the Sex Offender Registration and Notification Act, submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

**The Defendant shall comply with the following discretionary conditions as provided by U.S.S.G. § 5D1.3:**

17. Defendant shall allow the probation officer, or designee, to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)), cell phones, or other personal electronic devices capable of connecting to the internet that are in the Defendant's possession or control. The probation department, or their designees, may monitor all aspects of the defendant's computer, cell phone, and personal device activity, except for the Geolocation data. Moreover, cell phone voice conversation monitoring is limited to data collection as opposed to listening in or recording voice conversations. Before installation, the defendant's computers, cell phones, and personal electronic devices may be searched to identify the existence of illegal data. To ensure compliance with this condition, the defendant shall identify for the probation officer all computers, cell phones, and personal electronic devices capable of connecting to the internet to which the defendant has access, and the defendant may not obtain additional devices unless approved in advance by the probation officer.

18. The Defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the Defendant is in compliance with the installment payment schedule imposed for payment of restitution and/or a fine.

19. The Defendant shall provide a probation officer with specific financial information regarding the Defendant's ability to pay restitution and forfeiture, upon a written or oral request by a probation officer, made to and approved by the Court. The request must be prompted by the Defendant's failure to comply with a payment schedule ordered for a period of 60 consecutive

   days, and the request must describe the specific financial information needed for determining the Defendant's current ability to pay.

20. The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency, without the permission of the Court.

21. The Defendant shall participate in sex offender testing and evaluations to include psychological, behavioral assessments and/or polygraph examinations. The Defendant shall enter and attend sex offender specific group and individual counseling at an approved outpatient treatment program, if warranted from the test, evaluation and assessments, and shall abide by all program requirements and restrictions.

22. The Defendant shall participate in a mental health program approved by the United States Probation Office, if necessary, after evaluation at the time of release.

23. The Defendant shall pay all or part of the costs for participation in the above programs not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this Court, as the U.S. Probation Office determines that the Defendant is financially capable of paying. Failure to pay due to financial inability shall not be grounds for revocation.

24. The Defendant shall submit his person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects, to search at any time, with or without a warrant, by any probation officer having "reasonable suspicion" concerning a violation of the Defendant's conditions of supervision or unlawful conduct with or without the assistance of law enforcement officers. Any search beyond "plain view" requires prior approval by the Chief Probation Officer.

25. To ensure compliance with the monitoring condition, the Defendant must allow the probation officers, or their designees, to conduct periodic, unannounced, monitoring of any devices subject to this condition. Such monitoring will be conducted to determine whether the computers, cell phones, or personal electronic devices contain any prohibited data; whether the monitoring software is functioning effectively; whether there have been attempts to circumvent the monitoring software; and to ensure compliance with supervision conditions and, if applicable, to ensure compliance with any sex offender treatment conditions or rules. The Defendant is required to warn others who use the devices subject to this condition that these devices are monitored. The Defendant shall pay the cost of the monitoring software and installation, if financially able to do so, at the monthly contractual rate. Failure to pay according to this condition will not be grounds for imprisonment unless the failure is willful.

26. The Defendant shall make restitution in accordance with 18 U.S.C. §§ 2259 (Sexual Exploitation of Children), 3663, 3663A (Mandatory to victims of certain crimes), and 3664.

27. If a fine is imposed and has not been paid upon release to supervised release, the Defendant shall adhere to an installment schedule to pay that fine.

## DIRECTIVE TO PROBATION

Within 72 hours of Defendant's release from prison, the probation officer is to meet with and remind the Defendant of the conditions of his supervision and also to consider whether to recommend to the Court any modifications of or additions to those conditions in light of any changes in the Defendant's circumstances since the sentencing hearing. Consistent with *United States v. Siegel* (7th Cir. May 29, 2014), the Court also directs the Probation Office to notify the Court within 30 days of Defendant's placement on supervision so that it may consider any appropriate modifications to the Defendant's supervised release and schedule a hearing on that topic, if necessary. The Defendant may also request a modification of these conditions at any time by filing a written motion with the Court.

Defendant: RYAN A. STEELE  
Case Number: 1:23CR35-001  
Page 7 of 9

## CRIMINAL MONETARY PENALTIES

The Court **ORDERS** the Defendant to pay restitution to the U.S. District Court Clerk's Office, 1108 E. Ross Adair Courthouse, 1300 South Harrison Street, Fort Wayne, IN 46802, which shall be due immediately, to be disbursed to the following Victim(s):

| KS | TO BE DETERMINED |
|---|---|

The restitution amount will be determined within 90 days but in no event should be less than $3,000.00.

The Defendant shall commence restitution payments in the manner and schedule as determined by the Court. The imposed payment schedule will remain in effect until such time as the Court is notified by the Defendant, Victim, or Government that there has been a material change in the Defendant's ability to pay. Restitution shall be paid at a minimum rate of $100.00 per month commencing 30 days after placement on supervision until said amount is paid in full.

The Defendant is advised that he may pay any portion of this restitution from any wages earned in prison in accordance with the Bureau of Prisons Inmate Financial Responsibility Program. The Defendant is also advised that participation in the program is voluntary. The Defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which the Defendant might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination. Any portion of the restitution that is not paid in full at the time of the Defendant's release from imprisonment shall become a condition of supervision.

The Court finds that the Defendant does not have the ability to pay a fine and waives the imposition of a fine in this case due to the Defendant's inability to pay.

The Court finds that the Defendant does not have the ability to pay interest. The Court waives the interest requirement in this case due to the Defendant's inability to pay.

The Court finds the Defendant indigent and does not have the ability to pay the assessment set forth in 18 U.S.C. § 3014.

The Court **ORDERS** the Defendant to pay the special assessment of 100.00 to the U.S. District Court Clerk's Office, 1108 E. Ross Adair Courthouse, 1300 South Harrison Street, Fort Wayne, IN 46802, which shall be due immediately.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $100.00 | NONE | To Be Determined |

The Defendant shall receive credit for all payments previously made toward any criminal monetary payments imposed.

Defendant: RYAN A. STEELE
Case Number: 1:23CR35-001

## FORFEITURE

The Defendant shall forfeit the Defendant's interest in the following property to the United States:

1 LG Cellular phone with a black, blue, and white case SN#803KPWQ089065

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

Defendant: RYAN A. STEELE
Case Number: 1:23CR35-001

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

    Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____   _____
Defendant                                                              Date


_____   _____
U.S. Probation Officer/Designated Witness     Date